## Faulkner, et al. v. Farmers' Produce & Mercantile Company, et al.

### (Decided May 5, 1916.)

### Appeal from Livingston Circuit Court.

1. Damages—Negligence—Pleading.—In an action by a mercantile company which had lost its stock of goods by fire, against its manager and agent, wherein it is alleged that the fire was not an unavoidable one and that but for the acts and conduct of the agent prior to and at the time of the fire the loss would not have been sustained, no cause of action against the agent is stated; such allegation is neither equivalent to saying that the agent burned or was instrumental in having burned the destroyed property, or that because of his negligence the property was destroyed.

2. Damages—Negligence.—Under a bond given by the manager of a corporation and the provisions of a mortgage given to insure compliance with the bond, both intended to secure any shortage or misappropriation of money coming into the hands of the agent, there is no liability either for the intentional destruction of the property by the agent or growing out of his negligence in failing to protect the property from fire.

3. Evidence.—Evidence examined and held to authorize a judgment for $1,500 against the agent.

HENDRICK & NICHOLS and H. C. WILSON for appellants.

C. C. GRASSHAM and BERRY & GRASSHAM for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

In the summer of 1909 certain persons contemplated the organization of a corporation to be called the Farmers' Produce and Mercantile Company for the purpose of conducting a general store at Joy in Livingston county.

About $1,600.00 of the capital stock was paid in, a store purchased and business actually put in operation several weeks before an effort was made to prepare articles of incorporation and have them executed and recorded as required by law. Before the incorporation the promoters and proposed directors employed the appellant, J. T. Faulkner, as the agent and general manager of the store to do all the buying and selling and to have general supervision of it, and entered into a written contract with him and took from him a mortgage on certain real estate to insure his compliance with the terms of the contract.

Thereafter an effort was made to complete the organization of the proposed corporation, but because of certain irregularities, not necessary here to consider, it is claimed that the corporation was never in fact organized according to law; but inasmuch as all the parties to this record, both before and after the organization, dealt with it as if it had been in fact properly organized they are each and all estopped to deny its existence, and for the purposes of this case we will treat it as properly organized.

The company began business and the store was opened on the 6th of July, 1909, and continued in operation until the 6th of July, 1910, at which time practically, all of the stock was destroyed by fire.

During that year money was borrowed, many goods were bought, a large business done both in merchandise and the buying and selling of produce and the business was apparently thriving and prosperous.

At the time of the fire no settlement of any kind or nature had been made between the corporation and the appellant, J. T. Faulkner, and no inventory had ever been taken of the goods in the store, although at that time an inventory had been begun and was being taken.

The contract or bond, which is the basis of this suit, is as follows:

"This indenture, made and entered into this 9th day of August, 1909, by and between J. T. Faulkner, salesman and secretary of the Farmers' Produce and Mercantile Company (Incorporated), and the directors of the Farmers' Produce and Mercantile Company (Incorporated), whose place of business is at Joy, Livingston county, Kentucky.

"Witnesseth, That, on the 9th day of August, the aforesaid parties have entered into a contract and a bond this day executed to cover any and * * * monies paid in the hands of the said J. T. Faulkner for the said directors, said sum not to exceed $4,000.00 at any time, and bond to be blanket in form, to continue in force and effect while said J. T. Faulkner is working under present contract, or any renewal contract and is secured by real estate mortgage of even date herewith and specifies any amount up to $4,000.00 and is given only to secure any shortage or misappropriation of money paid into hands of said J. T. Faulkner for said directors, but this bond nor the real estate mortgage

does not cover any loss of goods or money by fire, lightning, wind storms, goods or money in transit, burglary, theft, or any kind of unavoidable accident.''

The mortgage given by Faulkner on his interest in the two tracts of land recites ''that the said party of said first part being an employe as salesman and general manager for the aforesaid directors and their company, and the said first party being hereby bonded and to remain so as long as in their employ, and the bond to be blanket bond form for any and all moneys paid in said first party's hands for the said company in any amount up to $4,000.00, and in order to secure the payment of, any said amount'' the two tracts of land were conveyed by way of mortgage; and in the *habendum* clause of the mortgage it is provided ''to have and to hold the said property unto said party of second part and their legal successors forever; provided nevertheless that if the aforesaid J. T. Faulkner, party of the first part, shall turn over to said directors or account for all moneys paid in his hands for them'' the mortgage shall be null and void.

This is an equitable action by the corporation and its directors against J. T. Faulkner and his wife and mother seeking a judgment against J. T. Faulkner for $2,500.00 and an enforcement of the lien created by the mortgage, it appearing that J. T. Faulkner only owned a three-fifths undivided interest in one of the tracts of land embraced in the mortgage and his mother the other two-fifths thereof.

The names of neither of the female appellants appeared in the body of the mortgage, although they each undertook to execute the mortgage, as shown by certain certificates; the lower court in its judgment, however, only subjected the undivided interest of J. T. Faulkner in the one tract of land, and ordered both tracts of land sold subject to the potential right of dower of Faulkner's wife. The petition also alleged that neither of the tracts of land was susceptible of advantageous division without impairing its value, and this allegation was not denied.

The plaintiff's petition was in two paragraphs; after setting up the organization of the corporation, the contract with Faulkner and the execution of the mortgage to insure its performance, it is alleged that there was in the store at the time of the fire at least $3,500.00 worth

of goods and that it carried an insurance policy thereon in the amount of $3,000.00, but that it received only $2,500.00 from said insurance company because of the inability of Faulkner, its managing agent, to exhibit and make proof that there was more than $3,500.00 worth of goods in the house at the time of the fire, and that because of this it was damaged to the extent of $1,000.00 by the acts of Faulkner, and then proceeds as follows:

"It further states that upon information and belief, and it here charges it to be a fact, that said store room, goods, wares and merchandise were destroyed by fire about three o'clock on the morning of July 6th, 1910, and that same was not an unavoidable one and such a fire as was discovered, included or contemplated by the bond and mortgage sued upon, and that with same there was at said time destroyed, most or nearly all of the books, papers and records of the aforesaid plaintiff corporation, and that all of same were in the care, custody and possession and control of the defendant J. T. Faulkner, at the time they were so destroyed, and that said records, books and papers contained and would have shown the true status and condition of said incorporation under the management of said defendant Faulkner, when examined in connection with the goods, wares and merchandise on hand at the time same were destroyed, and but for the acts and conduct of said Faulkner prior to the said fire and at the time thereof, said goods, wares and merchandise and said books and papers would not have been destroyed, and for and on account thereof, it stated that the defendant, J. T. Faulkner, was responsible for the destruction of said property by his acts in the premises for the aforesaid difference between the $2,500.00 and the value of the goods and, etc. on hand in the sum of at least $1,000.00, one thousand dollars, and more."

The second paragraph of the petition sets up in detail the sums of money received by Faulkner as its said agent, and alleges that he has not accounted for at least $1,500.00 of that sum; and there is a prayer for judgment of $2,500.00 and the enforcement of the mortgage lien to secure the same.

A demurrer to the petition was filed and overruled, and the answer put in issue all the material allegations of the petition and asserted a counterclaim against the corporation for several hundred dollars.

The cause was referred to the master commissioner, and after the taking of a great volume of testimony dealing with the details of the management and conduct of the business and the manner of keeping the books, which had been destroyed in the fire (except the ledger), the commissioner reported that J. T. Faulkner was indebted to the plaintiffs in the sum of $2,553.00; all exceptions to the report were overruled by the court and a judgment entered for $2,500.00 against Faulkner, directing the sale of his interest in the two tracts of land to satisfy the same.

It will be observed that in the first paragraph of the petition, wherein it is sought to hold the defendant, J. T. Faulkner, liable for the $1,000.00 alleged to have been the difference between the value of the goods destroyed and the insurance collected thereon, it is only alleged that the fire was not an unavoidable one, and that but for the acts and conduct of Faulkner prior to and at the time of said fire the loss would not have been sustained. This allegation is neither equivalent to saying that Faulkner burned or was instrumental in having burned the destroyed property, or that because of his negligence the property was destroyed; it only amounts to a conclusion of the pleader that the destruction might have been avoided, and that but for certain acts of Faulkner, which are not stated or enumerated, the fire would not have occurred. Clearly these allegations are insufficient to constitute a cause of action against him in any event, whether they were intended ot charge him with a wanton destruction of the property or with such negligence as resulted in its destruction.

Not only so, but if the plaintiffs had alleged such a state of case as would have authorized a judgment against Faulkner for this $1,000.00, an examination of the contract and the mortgage given to secure its performance will disclose that no such liability on his part was embraced, or intended to be embraced, in either of them. The contract or bond expressly says that it is given only to secure any shortage or misappropriation of money paid to Faulkner belonging to the corporation, and that neither the bond nor the real estate mortgage is intended to cover any loss of goods or money by fire.

Any liability of Faulkner either for the intentional · destruction of the property by his positive act, or grow-

ing out of his negligence in failing as agent to properly safeguard the property under his care which resulted in the fire, would be a liability growing out of his tort, and manifestly could not have been contemplated by the parties to the bond or mortgage even if the language therein was less plain and unambiguous. The bond and the mortgage were plainly intended to secure the company against the misappropriation of money that came to the hands of the agent, and nothing else.

Even if the pleadings had authorized a judgment against Faulkner for this $1,000.00 because of his wanton destruction of the property by fire, or because of his negligence as agent which resulted in the fire, neither the bond nor the mortgage could by any sort of stretch be construed to cover any such liability.

As to the cause of action set up in the second paragraph of the petition it is sufficient to say, without going into the details of the great mass of evidence taken, that it is satisfactorily shown that appellant, J. T. Faulkner, had received at least $1,500.00 of the corporation's funds for which he had not accounted, and the court properly overruled, to this extent, the exceptions to the commissioner's report and entered a judgment against him and directed the sale of the mortgaged property.

The judgment is reversed with directions to enter a judgment against J. T. Faulkner for the $1,500.00 and subjecting his interest in the real estate to the payment of same.